U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 03 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| LATASHA PAUL | : | DOCKET NO. 09-379 |
| VS. | : | JUDGE TRIMBLE |
| KLEENTECH, INC. | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (doc. #9) filed by defendant, KleenTech, Inc. ("KleenTech") wherein the mover seeks to have the claims asserted against it dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted.

## FACTUAL ALLEGATIONS

Plaintiff, Latasha Paul, makes the following allegations in her Complaint[1]: Plaintiff was employed by KleenTech as a folder. On or about March 10, 2008, she started to experience sharp pain and a discharge. She informed her immediate supervisor, Vanessa Monroe Phillips, of her condition and her necessity to go to the hospital.

Upon presentation at the hospital, Plaintiff was informed she was pregnant and that she was having a miscarriage. She subsequently gave birth to a still-born baby.

Plaintiff returned to work on March 17, 2008 and asked to speak to Ms. Phillips about the possibility of returning to work. Ms. Phillips was unavailable. Plaintiff received her pay check and

---

[1] Doc. #1.

a pink slip indicating that she had been terminated as of March 12, 2008 because Ms. "Phillips did not know when she was going to return to work."[2]

Plaintiff filed a complaint with the Equal Employment Opportunity Commission and was later granted a right to sue letter. Plaintiff then filed the instant lawsuit alleging an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.[3]

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[4] Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.[5] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[6] A claim has facial plausibility when the plaintiff pleads factual

---

[2] Complaint, ¶ 6.

[3] 42 U.S.C. § 2000, *et seq.*

[4] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

[5] *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

[6] *Bell Atlantic Corp., et al v. William Twombly, et al*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[7] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.[8] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions[..]"[9] " 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' "[10]

The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true.[11] In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts.[12] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[13] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[14] "[T]he complaint must

---

[7] *Id.*, 550 U.S. at 556.

[8] *Id.*, at 566, 127 S.Ct. 1955.

[9] *Id.*, at 555. (internal citations omitted).

[10] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[11] *Oppenheimer v. Prudential Securities, Inc.* 94 F.3d 189, 194 (5th Cir. 1996).

[12] *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

[13] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[14] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

3

contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[15]

## LAW AND ANALYSIS

KleenTech maintains that Plaintiff's claims should be dismissed because the Complaint fails to state a claim for which relief can be granted. KleenTech argues that there is an absence of facts in the Complaint alleging that KleenTech knew of Plaintiff's pregnancy before her discharge.

Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin."[16] In 1978 Congress passed the Pregnancy Discrimination Act ("PDA") and amended the definition of "sex" as follows:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work. . . .[17]

In analyzing a claim of pregnancy discrimination, we apply the same rules used for discrimination claims in general.[18] To analyze the merits of a plaintiff's Title VII discrimination

---

[15] *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

[16] 42 U.S.C. § 2000e-2(a)(1).

[17] 42 U.S.C. § 2000e(k) (1994).

[18] See *Garcia v. Woman's Hosp.,* 97 F.3d 810, 812-13 (5th Cir. 1996).

claims, we use the familiar *McDonnell Douglas Corp. v. Green*,[19] framework which first requires a plaintiff to establish a *prima facie* case of discrimination.[20] However, the *McDonnell Douglas* framework is an evidentiary standard, not a rigid pleading requirement.[21] Thus, for purposes of surviving a Rule 12(b)(6) motion to dismiss, "an employment discrimination plaintiff need not plead a *prima facie* case of discrimination."[22] Still, this Court may consider the *McDonnell Douglas* framework, and no plaintiff is exempt of her obligation to "allege facts sufficient to state all the elements of her claim."[23]

The Complaint alleges that Plaintiff found out she was pregnant when she presented herself to the hospital on March 10, 2008. Plaintiff was terminated on March 12, 2008 because her supervisor "did not know when she [Plaintiff] was going to return to work."[24] Plaintiff maintains that she has stated a legitimate cause of action because she was not given sufficient time to return to work before her abrupt termination and after dealing with the emotional strain of losing a child.

The Complaint is completely devoid of Kleentech's knowledge of the pregnancy, any

---

[19] 411 U.S. 792, 802, 93 S.Ct. 1817 (1973).

[20] *Id.* A *prima facie* case requires the plaintiff to show that she: (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

[21] *Swierkiewica v. Sorema N.A.*, 534 U.S. 506, 506-07, 122 S.Ct. 992 (2002).

[22] *Id.*, at 511, 122 S.Ct. 992; see also *Johnson v. Johnson*, 385 F.3d 503, 531 (5th Cir. 2004).

[23] *Mitchell v. Crescent River Port Pilots Ass'n*, 265 Fed. Appx. 363, 370 (5th Cir. 2008)(quoting *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006).

[24] Complaint, at ¶ 6.

negative comments about Plaintiff's pregnancy, or any allegations that KleenTech replaced Plaintiff with a male employee or treated similarly-situated persons more favorably than Plaintiff. The only facts alleged are that Plaintiff left work, went to the hospital and suffered an unfortunate miscarriage. Seven days later, she went to work to speak with her supervisor "about the possibility of returning to work."[25] At that time, she found out that she had been terminated because her supervisor "did not know when she was going to return to work."[26] In sum, Plaintiff does not allege any facts that she was treated differently or less favorably than other similarly situated employees outside the protected group. Based on the scant allegations in the Complaint, this Court cannot even draw a fair inference that Plaintiff's pregnancy was the cause of her termination. "[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."[27]

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing with prejudice the claims made by Plaintiff against Defendant.

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 3rd day of December, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[25] Complaint, ¶ 6.

[26] Id.

[27] O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3 (1st Cir. 1976).